# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LYNNETTEE BURTON**, | Case No. 3:20-cv-01085-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **AIR FRANCE – KLM,** a foreign corporation, | |
| Defendant. | |

Clayton Huntley Morrison, Law Office of Clayton H. Morrison, LLC, 8625 SW Cascade Ave., Suite 605, Beaverton, Oregon 97008. Attorney for Plaintiff.

Kristin M. Asai, Holland & Knight LLP, 601 SW Second Ave., Ste. 1800, Portland, Oregon 97204; Christopher G. Kelly and Sarah G. Passeri, Holland & Knight LLP, 31 West 52nd Street, New York, New York 10019. Attorneys for Defendant.

**IMMERGUT, District Judge.**

This action comes before the Court on Defendant Air France's[1] Motion to Dismiss for

Lack of Personal Jurisdiction. ECF 10. Plaintiff sues for personal injuries suffered on board

Defendant's flight between Montreal, Canada, and Paris, France. ECF 10 at 2. For the reasons

---

[1] Defendant asserts that Plaintiff has "improperly named" Defendant. Rather than Air France—KLM, Defendant asserts its name is Société Air France. ECF 1 at 1.

PAGE 1 – OPINION AND ORDER

discussed below, Defendant's Motion to Dismiss for Lack of Jurisdiction, ECF 10, is

GRANTED and this case is DISMISSED without prejudice.[2]

## BACKGROUND

Plaintiff purchased her ticket for travel on an Air France flight from Montreal, Canada, to

Paris, France, "through an on-line authorized agent, Cheap Flights Fares, LLC, at

cheapflightfares.com." ECF 12-2 at 2. Plaintiff asserts that to purchase a ticket for the Air France

flight through the Cheap Flight Fares website, she used her "personal electronic device that is

registered" to her permanent residence in Oregon, she was required to provide her home address

in Oregon, and she used a credit card registered to her home address in Oregon. *Id*.

Air France is a partner of other carriers, such as Delta Air Lines, which fly to Oregon. *See*

ECF 12-1 at 21-25. Air France is also a member of the SkyTeam alliance, "bringing together 19

airlines and providing access to a global network of more than 14,500 daily flights to more than

1,150 destinations in more than 175 countries." ECF 12-1 at 12. Defendant refers to its

arrangements as a "code-share agreement"[3] and/or alliance with other carriers, including Delta

Air Lines, which fly to Oregon. ECF 15 at 2. However, Air France itself does not operate any

flights into or out of Oregon. ECF 11 at 2. It does not maintain any offices in Oregon, is not

registered to do business in Oregon, and does not maintain an agent for service of process in

Oregon. *Id*.

---

[2] On December 4, 2020, the parties filed a Stipulated Motion for Extension of Pretrial
Deadlines. ECF 17. In light of this Court's dismissal of the case without prejudice, the Stipulated
Motion is denied as moot.

[3] "Code sharing is an arrangement in which an airline sells a ticket under its name and
code number, but the flight itself is operated by another airline." *Best v. BWIA W. Indies Airways
Ltd.*, 581 F. Supp. 2d 359, 364 (E.D.N.Y. 2008); *see also* 14 C.F.R. § 257.3 (defining code-
sharing).

Plaintiff was a passenger on Air France Flight No. AF345 on December 21, 2018, with service from Montreal to Paris. ECF 1-1 at ¶ 4. While onboard, "a piece of luggage fell from an overhead bin and struck [P]laintiff." *Id*. at ¶ 7. Plaintiff seeks damages for her injuries for a total "not to exceed $88,000.00," and further damages for medical expenses "not to exceed $25,000.00." *Id*. at ¶¶ 10–11.

Plaintiff first sued in the Circuit Court of the State of Oregon for the County of Multnomah, alleging that an "accident" within the meaning of the Montreal Convention occurred. ECF 1-1 at ¶ 8. She filed her Complaint on June 3, 2020, *Id*. at ¶ 11, and Defendant removed the case to this Court on July 6, 2020.[4]

Rather than answer the Complaint, Defendant has filed a Motion to Dismiss for Lack of Personal Jurisdiction. ECF 10. Defendant argues that this Court lacks personal jurisdiction, "both generally and specifically," over it, as "Air France is not registered or authorized to do business in Oregon and does not maintain a registered agent for service of process in Oregon. Air France does not operate flights to or from Oregon. The only connection to Oregon is Plaintiff's residency." *Id*. at 2.

Plaintiff responded in opposition, arguing that the Montreal Convention, an international treaty governing incidents aboard certain aircraft and which both parties agree governs this dispute, *see* ECF 1 at ¶¶ 8–13; ECF 12 at 2, "expand[ed] jurisdiction" of American courts to handle disputes arising under it. ECF 12 at 3. She also argues that Defendant has sufficient

---

[4] Defendant asserts that "Plaintiff mailed Air France a copy of the Summons and the Complaint on June 5, 2020." ECF 1 at 4. Accordingly, Defendant asserts removal was timely under 28 U.S.C. § 1446(b). In any case, Plaintiff did not move to remand within 30 days of the filing of the notice of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

minimum contacts to confer on this Court specific personal jurisdiction. *Id*. Defendant replied, arguing that "the Montreal Convention does not confer personal jurisdiction over any carrier of a passenger who happens to be a citizen of the United States," but rather that the "Montreal Convention is concerned with *subject matter jurisdiction*." ECF 15 at 2 (emphasis in original). Defendant also argues that it does not have sufficient minimum contacts to give rise to specific personal jurisdiction. *Id*. at 3–6.

## JURISDICTION

This Court has subject matter jurisdiction under both the diversity and federal question jurisdictional statutes.

Diversity jurisdiction under 28 U.S.C. § 1332(a) exists because the parties, an Oregon domicile and a French corporation organized under the laws of France, are completely diverse, and the amount in controversy exceeds $75,000. ECF 1 at 2.

Federal question jurisdiction under 28 U.S.C. § 1331 also exists because Plaintiff's claims arise under a treaty of the United States, the Montreal Convention. *See* ECF 1-1 at ¶ 8-13. The Montreal Convention covers "all international carriage of persons, baggage or cargo performed by aircraft for reward." Convention for Int'l Carriage by Air ("Montreal Convention"), S. Treaty Doc. No. 106-45, *11 (May 28, 1999). The Montreal Convention provides the exclusive remedy for injuries that fall within its scope. *See El Al Israel Airlines, Ltd. V. Tseng*, 525 U.S. 155, 175-76 (1999); *Paradis v. Ghana Airways, Ltd.*, 348 F.Supp.2d 106, 111 (S.D.N.Y. 2004), *aff'd*, 194 Fed. Appx. 5 (2d Cir. 2006).

## LEGAL STANDARDS

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Where, as here, a defendant's

PAGE 4 – OPINION AND ORDER

motion to dismiss is based on a written record and no evidentiary hearing is held, the plaintiff

need only make a prima facie showing of jurisdictional facts." *Picot v. Weston*, 780 F.3d 1206,

1211 (9th Cir. 2015) (internal quotation marks and citations omitted). Uncontroverted allegations

in the complaint must be taken as true. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir.

2008). However, "conclusory allegations or 'formulaic recitation of the elements' of a claim are

not entitled to the presumption of truth." *Allen v. Shutterfly, Inc.*, No. 20-CV-02448-BLF, 2020

WL 5517170, at *2 (N.D. Cal. Sept. 14, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681

(2009)).

　　　Federal courts in Oregon may exercise personal jurisdiction to the same extent as Oregon

state courts under Oregon law. *See Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); Fed. R.

Civ. P. 4(k)(1)(A) (personal jurisdiction exists over a defendant "who is subject to the

jurisdiction of a court of general jurisdiction in the state where the district court is located").

Under Oregon's long-arm statute, Oregon state courts may exercise personal jurisdiction "to the

extent permitted by due process." *Gray & Co. v. Firstenberg Machinery Co., Inc.*, 913 F.2d 758,

760 (9th Cir. 1990); *see also* Or. R. Civ. P. 4 L (conferring jurisdiction "in any action where

prosecution of the action against a defendant in this state is not inconsistent with the Constitution

of this state or the Constitution of the United States"); *Oregon ex rel. Hydraulic Servocontrols

Corp. v. Dale*, 657 P.2d 211, 212 (Or. 1982) (describing Or. R. Civ. P. 4 L as "a catchall

provision extending Oregon jurisdiction to the outer limits of due process" under the United

States Constitution); *Swank v. Terex Utilities, Inc.*, 360 P.3d 586, 592–93 (Or. 2015) (explaining

that "regardless whether a case is a '4 D case' or a '4 L case,' the limit on an Oregon court's

exercise of personal jurisdiction over a defendant is the same—federal due process").

As such, the analysis of whether this Court has personal jurisdiction over Defendant merges into a single question: whether the exercise of such jurisdiction would be consistent with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Walden v. Fiore*, 571 U.S. 277, 283 (2014).

To satisfy the federal Constitution on this point, a nonresident defendant "generally must have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id*. (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal citations and quotation marks omitted). Specific jurisdiction may only exist when the "defendant's suit-related conduct [] create[s] a substantial connection with the forum State." *Id*. at 284.

The Ninth Circuit uses a three-part test to evaluate whether specific jurisdiction is consistent with constitutional due process:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*CollegeSource, Inc. v. AcademyOne, Inc*., 653 F.3d 1066, 1076 (9th Cir. 2011) (quoting *Schwarzenegger*, 374 F.3d at 802). The first prong refers to both purposeful direction and purposeful availment. *Mavrix Photo, Inc. v. Brand Techs., Inc*., 647 F.3d 1218, 1228 (9th Cir. 2011). Because this dispute does not concern intentional tortious conduct, this Court will apply the purposeful availment analysis in this case. *Holland Am. Line Inc. v. Wartsila N. Am., Inc*., 485 F.3d 450, 460 (9th Cir. 2007) (explaining that the purposeful direction analysis and its included "effects test" apply "only to intentional torts, not to [ ] breach of contract and negligence claims"); *see also* ECF 1-1 at ¶¶ 6, 8 (asserting that Air France "agreed to carry

plaintiff safely" and that the event was an "accident"); *Shute v. Carnival Cruise Lines*, 897 F.2d

377, 382, 382 n.4 (9th Cir. 1990), *rev'd on other grounds sub nom. Carnival Cruise Lines, Inc. v.*

*Shute*, 499 U.S. 585 (1991) (explicitly not considering whether the forum was "the situs of the

tortious injury" in analyzing personal jurisdiction over a cruise line in a case regarding a post-

ticket-sale slip and fall).

The plaintiff "bears the burden of satisfying the first two prongs." *CollegeSource*, 653

F.3d at 1076. If the plaintiff does so, the burden shifts to the defendant at prong three "to set

forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

## DISCUSSION

Federal courts may only exercise authority over a defendant through general or specific

jurisdiction. General jurisdiction "permits a court to assert jurisdiction over a defendant based on

a forum connection unrelated to the underlying suit (e.g., domicile)." *Walden*, 571 U.S. at 283

n.6. Here, the parties agree, and this Court finds, that this Court does not have general

jurisdiction over Defendant. *See* ECF 10 at 5; ECF 12 at 7 ("Plaintiff concedes that the court

lacks general jurisdiction over the defendant in this case."). Accordingly, this Court must

determine whether, under the Ninth Circuit's three-part test, it has specific jurisdiction over

Defendant in this lawsuit, in which an Oregon domicile asserts a personal injury claim against a

French corporation based on an incident that occurred on a flight between Canada and France.

As explained below, Defendant has not "purposefully avail[ed] [it]self of the privilege of

conducting activities in the forum, thereby invoking the benefits and protections of its laws," in a

way that "arises out of or relates to the defendant's forum-related activities." *CollegeSource*, 653

F.3d at 1076 (internal citations omitted). Therefore, the specific jurisdiction analysis fails at

prongs one or two of the Ninth Circuit's three-part test, and this Court may not exercise specific

personal jurisdiction over Defendant.

## A. Constitutional Minimum Contacts

Plaintiff purchased her ticket for Air France Flight No. 345 through a third-party website,

cheapflightfares.com. ECF 12-2 at 2. She asserts that Cheap Flight Fares, LLC, is an "on-line

authorized agent" of Air France. *Id*. She argues that "Air France targets Oregonians through

agents," such as Cheap Flight Fares, "that are authorized to sell their plane tickets." ECF 12 at

10. She also argues that Air France "advertises directly to Oregon residents" because an

Oregonian who types the words "Air France" into the Google Search engine "generates an[]

advertisement for Air France that directs Oregon residents to Air France's website where

Oregonians can purchase tickets, check in for their flights and track their bookings." *Id*. Plaintiff

also notes the existence of Air France's contractual partnership with Delta. *See* ECF 12-1 at 21.

## A. Defendant's Website and Google Advertisements

Notably, Plaintiff only claims that she utilized the alleged connection to Oregon provided

by Air France's relationship with Cheap Flight Fares, through which she purchased her ticket.

ECF 12-2 at 2. She states that Oregonians can type "Air France" into Google and receive an

advertisement for Air France's website, and that Oregonians can use the Air France website to

manage their travel arrangements. ECF 12 at 10. However, she does not state that she did either

of these things.

Courts do not give much weight to connections unrelated to a plaintiff's claim in their

evaluation of specific jurisdiction. *See, e.g., Elayyan v. Sol Melia, SA*, 571 F. Supp. 2d 886, 904

(N.D. Ind. 2008) (noting that "because an individual Indiana resident could book a reservation

through Sol Meliá's website in Indiana, it is conceivable that such a contact may constitute

purposeful availment for the purposes of specific jurisdiction *if* the individual used the website
and *if* the alleged injury then arose out of that individual's use of the website. Neither
contingency is present in this case") (internal citation omitted) (emphasis in original); *Erwin-
Simpson v. AirAsia Berhad,* 375 F. Supp. 3d 8, 20 n.8 (D.D.C. 2019) ("Nothing in Plaintiffs'
complaint suggests that the alleged injuries arose from AirAsia's maintenance of a website
accessible in the District of Columbia. To the contrary, even in their briefing, Plaintiffs do not
affirmatively state that Ms. Erwin-Simpson purchased her ticket on AirAsia's website, saying
only that AirAsia 'solicited' her business here."); *Black v. The Ritz-Carlton Hotel Co., LLC*, 977
F. Supp. 2d 996, 1006 (C.D. Cal. 2013) (noting that plaintiff "did not book her vacation through
the website, making the possibility that the maintenance of the website is sufficient to establish
personal jurisdiction even more remote"); *Wilson v. RIU Hotels & Resorts*, No. CIV.A. 10-7144,
2011 WL 3241386, at *4 (E.D. Pa. July 29, 2011) (noting that plaintiff did not assert "that she
ever utilized" a toll-free phone number and, therefore, her claim "cannot arise from the existence
of the toll-free number, and this contact cannot factor into the court's specific jurisdiction
analysis"); *Breschia v. Paradise Vacation Club, Inc.*, No. 02 C 3014, 2003 WL 22872128, at *4
(N.D. Ill. Dec. 4, 2003) ("Breschia does not allege, nor can she allege, that she relied on any
other advertisements by Apple Vacations or the Resort when she decided to visit the Resort in
Mexico. Accordingly, Breschia cannot prevail under a specific jurisdiction basis."); *but see
Adidas Am., Inc. v. Cougar Sport, Inc.*, 169 F. Supp. 3d 1079, 1089 (D. Or. 2016) (suggesting
that defendant's own website and sales through other platforms should be considered together in
a purposeful direction analysis). Because Plaintiff does not allege that she ever personally typed
"Air France" into Google nor that she personally visited Defendant's website ahead of or to

execute her ticket purchase, this Court finds those potential avenues of purposeful availment too remote to support specific personal jurisdiction over Defendant in this case.

**B. Defendant's Alleged Agency Relationship with Cheap Flight Fares**

Accordingly, specific jurisdiction must rest on Defendant's connection to Cheap Flight Fares, through which Plaintiff purchased her ticket and which Plaintiff asserts is Defendant's agent. ECF 12-2 at 2.

Plaintiff's assertion that Cheap Flight Fares is Defendant's agent is conclusory and devoid of any details regarding that relationship. "To establish jurisdiction on the basis of an agency relationship, the plaintiff must state facts showing the defendant 'had the right to control'" its alleged agent's activities.[5] *Allen v. Shutterfly, Inc.*, 2020 WL 5517170, at *5 (quoting *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1025 (9th Cir. 2017)). Plaintiff has pleaded no such facts. This Court also notes that in the hotel context, some courts have been reluctant to find personal jurisdiction based on connections forged by third-party sellers such as Orbitz and Expedia, which seem to serve largely the same function as Cheap Flight Fares in this case. *See Black v. The Ritz-Carlton Hotel Co.*, LLC, 977 F. Supp. 2d 996, 1008 (C.D. Cal. 2013) (noting defendant's argument that "if [a] website is enough to establish an agency relationship for the purpose of personal jurisdiction, then every hotel or airline booking website, such as Expedia.com, would be a conduit for personal jurisdiction"); *Noboa v. Barcelo Corporacion Empresarial, SA*, 812 F.3d 571, 572 (7th Cir. 2016) (noting plaintiff relied on her own "contacts with [the forum], and then with Orbitz, which had a contract with" the hotel, and a further actor whom plaintiff met in the hotel, and finding no specific personal jurisdiction); *see also Elayyan*,

---

[5] Agency can form a basis for general or personal jurisdiction. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024-25 (9th Cir. 2017).

571 F. Supp. 2d at 903–04 (stating that, despite plaintiffs' allegation that "they entered into a contract with [defendant] Sol Group, by its [non-website] agent Apple Vacations," the "evidence demonstrates that Apple Vacations is not Sol Group's agent" due to intricacies in the contract between Apple Vacations and Sol Group). In total, this Court does not find the bare, conclusory allegation that Cheap Flight Fares is an "agent" of Air France, ECF 12-2 at 2, sufficient to confer on this Court personal jurisdiction over Defendant. *See Allen v. Shutterfly, Inc*., 2020 WL 5517170, at *5 (finding no "jurisdiction on the basis of an agency relationship" where plaintiff did "not sufficiently ple[a]d to support a basis for personal jurisdiction").

Plaintiff likens Cheap Flight Fares to the travel agencies that have given rise to personal jurisdiction over foreign airlines in past cases. *See* ECF 12 at 10-11. However, even assuming this line of cases could apply here, Plaintiff still has not alleged sufficient facts to support that application. These cases emphasize the commission arrangement between the defendant airline and the travel agent. *See Vergara v. Aeroflot "Soviet Airlines", (Gen. Dep't of Int'l Air Servs., Union of Soviet Socialistic Republics)*, 390 F. Supp. 1266, 1270 (D. Neb. 1975) (Aeroflot paid prorata portion of agent's commission); *Mohler v. Dorado Wings, Inc.*, 675 S.W.2d 404, 405 (Ky. Ct. App. 1984)[6] (describing how a commission is retained by the travel agent); *Selke v. Germanwings GmbH*, 261 F. Supp. 3d 645, 655 (E.D. Va. 2017) ("United [Airlines, acting as the agent], will be reimbursed for the sale of Germanwings tickets, including billing information, billing addresses, and invoice scheduling."). Courts in this Circuit considering personal jurisdiction over foreign common carriers have based their findings in part on such monetary

---

[6] *Mohler* was eventually overruled when the Kentucky Supreme Court later concluded that the state's long-arm statute did not confer personal jurisdiction to the extent permitted by the federal Constitution. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 56-67 (Ky. 2011). However, the federal due process analysis in *Mohler* remains instructive.

arrangements as well. *See Coyle*, 180 F. Supp. 2d at 1170 (travel agents in forum received commission from foreign airline); *Shute*, 897 F.2d at 382 (finding purposeful availment by cruise line where line "paid a commission on sales of cruises in that state"). Plaintiff has not pleaded any such arrangement between Defendant and Cheap Flight Fares. Plaintiff only asserts that an agency relationship exists without providing any further details about said relationship. *See* ECF 12-2 at 2. Based on this bare allegation, this Court cannot exercise personal jurisdiction over Defendant.

## C. Defendant's Relationship with Delta Air Lines

Finally, Plaintiff makes much of Defendant's relationship with Delta Airlines. *See* ECF 12 at 4-6; 11-12. Air France and Delta Air Lines are partners who have "come together" to service "over 230 cities in North America via 8 connection hubs all around the United States." ECF 12-1 at 21. They also are both members of the SkyTeam alliance. *Id*. at 12.

This emphasis is seemingly for the benefit of Plaintiff's argument that the Montreal Convention confers personal jurisdiction. *See* ECF 12 at 3-4, 11 (arguing that injured parties may sue under the Convention "in their home state against a carrier, if that carrier or one of its contract partners leases or owns property in the same state"). However, as to the constitutional minimum contacts analysis, the relationship between Defendant and Delta is not of much consequence where the ticket was not purchased through Delta, acting as Defendant's Oregon agent. *See Kapar v. Kuwait Airways Corp*., 845 F.2d 1100, 1101-04 (D.C. Cir. 1988) (explaining that, in determining which airline was potentially liable under the Warsaw Convention as the carrier, "sell[ing] carriage over each other's routes on a commission basis" renders the issuing airline only an agent of the carrying airline); *Alric v. Air France*, No. CV0410295SVWSSX,

2006 WL 8431807, at *7 (C.D. Cal. Oct. 26, 2006) (same). Plaintiff alleges that she purchased her Air France ticket through cheapflightfares.com, not Delta. ECF 12-2 at 2.

In one case, this district considered a foreign airline's personal jurisdiction connections to Oregon and noted its "code-sharing agreement." *Coyle v. P.T. Garuda Indonesia*, 180 F. Supp. 2d 1160, 1170-71 (D. Or. 2001), *rev'd on other grounds and remanded*, 363 F.3d 979 (9th Cir. 2004). The court considered the existence of this agreement, which was part of the defendant airline's "plan for extending services" to numerous West Coast cities, as a contact "with the United States as a whole." *Id*. at 1170. It was not considered a connection to Oregon specifically. In *Selke*, the court used an "interline agreement" between a defendant airline, Germanwings, and United to conclude that "by entering into ticketing agreements with United and expressly authorizing United to sell tickets to Virginia residents on its behalf, it was Germanwings itself who established contacts in Virginia." *Selke*, 261 F. Supp. 3d at 655. Plaintiff does not assert that Delta was the conduit through which she purchased her Air France ticket. Accordingly, this Court does not find that the agreements between Defendant and Delta provide a basis for Defendant's purposeful availment of the laws of Oregon, or at least any availment sufficiently "related" to Plaintiff's claim to survive at prong two of the Ninth Circuit test.

Because none of Defendant's alleged connections constitute purposeful availment "of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws," which "arises out of or relates to the defendant's forum-related activities," *CollegeSource*, 653 F.3d at 1076, the specific personal jurisdiction analysis fails, and this Court does not have personal jurisdiction over Defendant.

**B. The Montreal Convention**

Plaintiff suggests that the Montreal Convention, through Article 33, "expanded [ ] jurisdictional provisions to make it possible for American passengers harmed in overseas plane accidents to bring lawsuits against foreign airlines." ECF 12 at 2-3; *see also id*. at 11 ("[T]he Montreal Convention expanded jurisdiction"). Article 33 in relevant part provides:

> Paragraph 1: An action for damages must be brought, at the option of the plaintiff, in the territory of one of the States Parties, either before the court of the domicile of the carrier or of its principal place of business, or where it has a place of business through which the contract has been made or before the court at the place of destination.

> Paragraph 2: In respect of damage resulting from the death or injury of a passenger, an action may be brought before one of the courts mentioned in paragraph 1 of this Article, or in the territory of a State Party in which at the time of the accident the passenger has his or her principal and permanent residence and to or from which the carrier operates services for the carriage of passengers by air, either on its own aircraft, or on another carrier's aircraft pursuant to a commercial agreement, and in which that carrier conducts its business of carriage of passengers by air from premises leased or owned by the carrier itself or by another carrier with which it has a commercial agreement.

Montreal Convention, S. Treaty Doc. No. 106-45, *39. Defendant argues that Article 33 concerns subject matter jurisdiction, not personal jurisdiction. ECF 15 at 6. Defendant points to Article 33(4), which "provides that procedural questions," in which it includes questions of personal jurisdiction, "are to be determined by the law of the forum." *Id*.

It is well settled that Article 33 of the Montreal Convention and Article 28 of the Warsaw Convention[7] refer to "[j]urisdiction in the treaty sense," meaning "whether any court in this country has jurisdiction" over the case. *Benjamins v. British European Airways*, 572 F.2d 913, 915 (2d Cir. 1978). "Only then may we consider the power of a particular United States court,

---

[7] "[I]n interpreting the Montreal Convention, courts have routinely relied upon Warsaw Convention precedent where the equivalent provision in the Montreal Convention is substantively the same." *Narayanan v. British Airways*, 747 F.3d 1125, 1127 n.2 (9th Cir. 2014). Montreal Convention Article 33 and Warsaw Convention Article 28 are "substantively the same," *id*., and accordingly this Court considers case law analyzing both provisions.

under federal statutes and practice, to hear a Warsaw Convention [or Montreal Convention] case" through "jurisdiction in the domestic law sense." *Id*. (internal quotation marks omitted).

Courts have referred to these provisions as "forum selection" or "subject matter jurisdiction" clauses. *See, e.g., Gayda v. LOT Polish Airlines*, 702 F.2d 424, 425 (2d Cir. 1983) (Warsaw Convention Article 28 "speaks to subject matter jurisdiction"); *Pflug v. Egyptair Corp*., 961 F.2d 26, 30 (2d Cir. 1992) (referring to Article 28 of the Warsaw Convention as the "forum-limiting provision of the Convention"); *Weinberg v. Grand Circle Travel, LCC*, 891 F. Supp. 2d 228, 237 (D. Mass. 2012) ("Even if plaintiffs establish subject matter jurisdiction under the Montreal Convention, the court still has to address the issue of personal jurisdiction.").

Accordingly, this Court concludes that Article 33 of the Montreal Convention concerns national jurisdiction in the "treaty sense," whether that is understood as forum selection or subject matter jurisdiction. This Court's constitutional exercise of personal jurisdiction over Defendant in this case is a separate question not answered—let alone conferred—by the Montreal Convention's provisions.

## CONCLUSION

Defendant's Motion to Dismiss for Lack of Jurisdiction, ECF 10, is GRANTED and this case is DISMISSED without prejudice.

**IT IS SO ORDERED**.

DATED this 7th day of December, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge